IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

RAYMOND JOHN DANIELS,
TDCJ-CID No. 01616508,

    Plaintiff,

v.

2:20-CV-102-Z-BR

EDITH DIXON, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

This matter comes before the Court on Plaintiff's civil rights claims. Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. *See* ECF No. 3. On April 7, 2021, Plaintiff filed an Amended Complaint. ECF No. 17. Plaintiff was granted permission to proceed *in forma pauperis*. *See* ECF No. 10. For the reasons discussed herein, Plaintiff's Complaint is **DISMISSED**.

**FACTUAL BACKGROUND**

Plaintiff's Amended Complaint constitutes the live pleading before the Court. *See* ECF No. 17. Plaintiff alleges that he was denied access to the courts by the TDCJ personnel at the Dalhart Unit. *See id.* at 8–12. The essence of Plaintiff's claims is that Defendants Dixon and Hulen were working in the Dalhart mailroom during the time that the regular mailroom employee (Crystal Hokanson) was on leave. *See id.* Plaintiff alleges that Defendants failed to provide Plaintiff with adequate paperwork to respond to requests from another court and the appellate court, and also that Defendants failed to mail one of his documents requesting an extension of time to respond to

a court order for information. *Id.* at 6, 9. Plaintiff did not identify a specific case number or jurisdiction for the case affected by Defendants alleged obstruction of access to the courts, but he did reference the same cases and appeals that were subject to his access to the courts lawsuit in case number 2:20-CV-060-Z-BR, which was previously dismissed for failure to state a claim. *Id.* at 10. In fact, that case was dismissed on the merits of his claim, not because Plaintiff missed any filing deadlines or failed to prosecute his case. *See Daniels v. Hokanson*, No. 2:20-CV-060-Z-BR, at ECF No. 9. Even assuming Plaintiff did submit a request for an extension to submit documents to the court in his underlying habeas case on December 2, 2019, there is no indication that his case was dismissed for failure to prosecute or for missing deadlines to submit documents. The record in the referenced case reflects that *in forma pauperis* status was denied on appeal because the judge determined the appeal was not taken in good faith. *See Daniels v. Davis, Director TDCJ*, No. 4:18-CV-03179, (S.D. Tex. Dec. 5, 2019) (order denying IFP). Further, there is no indication in the record of that case that the delay in obtaining these two documents in any way affected the outcome of the case. *See id.*

### LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears*[2] hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[3]

## ANALYSIS

Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). Prison officials may not abridge or impair an inmate's right of access to court. *See Ex parte Hull*, 312 U.S. 546, 549 (1941); *Johnson v. Avery*, 393 U.S. 483, 486 (1969). "While the precise contours of a prisoner's right of access to court remain obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).

To prevail on a claim that his right of access to court has been violated, a prisoner must demonstrate prejudice or harm by showing that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered by the defendants' actions. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (internal marks omitted); *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *see also Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir. 1997). He must identify the nonfrivolous, arguable underlying claim. *Id.*

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[3] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

3

with adequate law libraries or adequate assistance from persons trained in the law." *Degrate v. Godwin*, 84 F.3d 768, 768–69 (5th Cir. 1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Plaintiff has not established a "relevant actual injury" regarding any civil or criminal action before the courts. *See Lewis*, 518 U.S. at 351; *see also* ECF No. 3. The Defendants' actions in failing to timely mail a request for an extension in this case did not result in the dismissal of Plaintiff's case. Simply put, the district judge determined his case lacked merit, which resulted in denial of *in forma pauperis* status and the ultimate dismissal of his appeal. Thus, Plaintiff has failed to state a claim for denial of access to the courts, and his Complaint is **DISMISSED**.

**SO ORDERED.**

July 17, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE